UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Auto-Owners Insurance Company, | Civil No.: 0:14-cv-01174 (SRN-LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Six One Two Construction, LLC d/b/a 612 Construction, Construction Science, LLC d/b/a Concrete Science Professional Services, Dale Tile Company, and Tilia, LLC, | |
| Defendants. | |

The above-captioned matter came on for hearing before the Court on July 31, 2014, on Plaintiff Auto-Owners Insurance Company's ("Plaintiff") motion pursuant to Federal Rule of Civil Procedure Rule 55(b)(2), for an order granting default judgment against Defendant Six One Two Construction, LLC d/b/a 612 Construction (the "Motion").

Beth A. Jenson Prouty, Esq. of the Arthur, Chapman, Kettering, Smetak & Pikala, P.A. law firm appeared on behalf of Plaintiff.

John C. Holper, Esq. of the Winthrop & Weinstine, P.A. law firm appeared on behalf of Defendant Tilia, LLC ("Tilia").

There were no other appearances.

The Court, being fully advised of the premises, and based upon all the files, records and proceedings in this matter, makes the following findings, conclusions and order.

## **FINDINGS**

1. This is an insurance coverage declaratory judgment action concerning a commercial general liability insurance policy (the "Policy") that Plaintiff issued to its insured, Six One Two Construction, LLC d/b/a 612 Construction ("612 Construction").

2. Plaintiff seeks a declaration that it is not obligated under the Policy to indemnify 612 Construction or otherwise pay any sums that 612 Construction may become legally obligated to pay as damages in connection with that certain action captioned, <u>Tilia, LLC vs. Six One Two Construction, LLC d/b/a 612 Construction et. al.</u>, Hennepin County Minnesota Court File No. 27-CV-14584 (the "Underlying Action").

3. Tilia has timely served its answer to the complaint and denied that Plaintiff is entitled to any of the relief requested in the complaint. Tilia has also asserted a counterclaim against Plaintiff that seeks a declaration that Plaintiff is obligated, pursuant to the terms of the Policy, to indemnify and pay all sums that 612 Construction becomes legally obligated to pay as damages in connection with the Underlying Action.

4. On April 28, 2014, 612 Construction was personally served with the complaint in this action.

5. Pursuant to Rule 12(a)(l)(A)(i), 612 Construction's responsive pleading to the complaint was due on May 19, 2014.

6. 612 Construction has failed to plead or otherwise defend in this action and is in default.

7. On June 3, 2014, 612 Construction's default was entered by the Clerk of Court.

## CONCLUSIONS

1. "A default judgment against one defendant does not preclude a codefendant from contesting the plaintiff's claim." *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 432 (8th Cir. 1992).

2. Where a case involves multiple defendants and not all the defendants default, "the better practice" is to withhold granting a default judgment until the action is resolved on the merits against the remaining non-defaulting defendants. *Id.* at 433; *see also Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000). Courts uniformly apply this rule to cases where an insurer seeks a declaratory judgment that it has no duty to defend, indemnify or both the defaulting defendant pursuant to its insurance policy, and the other non-defaulting defendants contest the insurer's allegations. *See, e.g.*, *Essex Ins. Co. v. Moore*, No. 6:11-cv-515, 2011 WL 3235685, at *1 (M.D. Fla. July 28, 2011); *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 WL 3400519, at *5-6 (S.D. Fla. Oct. 20, 2009); *Owners Ins. Co v. Daniel*, No. 7:12-CV-27, 2012 WL 1565616, at *1 (M.D. Ga. May 2, 2012); *State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F. Supp. 958, 961-62 (S.D. Ind. 1990) (vacating default judgment); *Allstate Prop. & Cas. Ins. Co. v. Salazar-Castro*, No. 08-2110, 2009 WL 196150, at *1 (D. Kan. Jan. 23, 2009); *Progressive Direct Ins. Co. v. Lewis*, No. 08-215, 2009 WL 4016057, at *1 (E.D. Ky. Nov. 19, 2009); *United Nat'l Ins. Co. v. Paul & Mark's Inc.*, No. 10-799, 2011 WL 446280, at *4-5 (E.D. La. Feb. 4, 2011); *Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908-09 (E.D. Mich. 2005); *Northland Ins. Co.*, 204 F.R.D. at 330-31; *Safeco Ins. Co. of Am. v. Stephenson*, No. 06-4294-CV-C-NKL, 2007 WL 2026389, at *1 (W.D. Mo. July 9, 2007).

3. Because this case involves multiple defendants, and Tilia is not in default, the Motion is premature and the entry of a default judgment against 612 Construction and any other defaulting defendant shall be withheld until the action is resolved on the merits against Tilia and any other remaining non-defaulting defendant.

Based upon the foregoing findings and conclusions, the Court makes the following Order:

## **ORDER**

1. Plaintiff's motion for the entry of a default judgment against Defendant Six One Two Construction, LLC d/b/a 612 Construction is DENIED without prejudice.

2. Plaintiff shall not move for, or otherwise seek, the entry of a default judgment against any defendant that has failed to appear or otherwise defend in this action until such time as there is a final determination on the merits of the claims and counterclaim in this action.

**IT IS SO ORDERED.**

Dated: August 11, 2014

                                                  s/Susan Richard Nelson
                                                  Judge Susan Richard Nelson
                                                  United States District Court

*Auto-Owners Insurance Company v.
Six One Two Construction et. al.
14-cv-01174 (SRN/LIB)*